**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **PROFESSIONAL TRADING SOLUTIONS, INC. D/B/A LIGHTSPEED TRADING,** <br><br> Defendant. | Case No. 2:15-cv-1309 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff CryptoPeak Solutions, LLC files this Complaint against Professional Trading Solutions, Inc. d/b/a Lightspeed Trading, for infringement of United States Patent No. 6,202,150 (the "'150 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler St., Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant Professional Trading Solutions, Inc. d/b/a Lightspeed Trading ("Defendant"), is a Delaware corporation with a principal office located at 1001 Avenue of the Americas, 16th Floor, New York, New York 10018. This Court has personal

jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, has directed an interactive website at Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, within the State of Texas and the Eastern District of Texas, Defendant has made, had made, and/or used the patented invention with the website(s) and functionality identified herein below. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts within the State of Texas and the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,202,150)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '150 Patent with sole rights to enforce the '150 Patent and sue infringers.

10. A copy of the '150 Patent, titled "Auto-Escrowable and Auto-Certifiable Cryptosystems," is attached hereto as Exhibit A.

11. The '150 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '150 Patent is a prominent patent in its field. It has been forward-cited as prior art in connection with the examination of at least 20 subsequently-issued U.S. patents, including patents originally assigned to such prominent technology companies as Microsoft, HP, General Instrument, Ricoh and Sungard.

**(Direct Infringement)**

13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '150 Patent, including at least claim 1, by actions comprising making, having made, and/or using one or more websites that operate in compliance with the standards of Elliptic Curve Cryptography ("ECC") Cipher Suites for the Transport Layer Security ("TLS") protocol (the "Accused Instrumentalities"). Representative examples of websites of Defendant that operate in compliance with this standard are:

www.lightspeed.com
www.professionaltradingsolutions.com

14. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

15. Plaintiff is in compliance with 35 U.S.C. § 287.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,202,150 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e) Award Plaintiff pre-judgment and post-judgment interest and costs; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: July 17, 2015              Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Craig Tadlock*
　　　　　　　　　　　　　　　　　　Craig Tadlock
　　　　　　　　　　　　　　　　　　State Bar No. 00791766
　　　　　　　　　　　　　　　　　　John J. Harvey, Jr.
　　　　　　　　　　　　　　　　　　State Bar No. 09179770
　　　　　　　　　　　　　　　　　　Keith Smiley
　　　　　　　　　　　　　　　　　　State Bar No. 24067869
　　　　　　　　　　　　　　　　　　**TADLOCK LAW FIRM PLLC**
　　　　　　　　　　　　　　　　　　2701 Dallas Parkway, Suite 360
　　　　　　　　　　　　　　　　　　Plano, Texas 75093
　　　　　　　　　　　　　　　　　　903-730-6789
　　　　　　　　　　　　　　　　　　craig@tadlocklawfirm.com
　　　　　　　　　　　　　　　　　　john@tadlocklawfirm.com
　　　　　　　　　　　　　　　　　　keith@tadlocklawfirm.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff CryptoPeak Solutions, LLC*